AARON MEILY V. COLUMBUS (CITY).

ORAL CONTRACT FOR NECESSARIES FOR QUARANTINED FAMILY MADE WITH CERTAIN MUNICIPALITY, VALID.

> Recovery may be had on an oral contract, made with the agent of a municipal corporation, for necessaries furnished a family under quarantine for a contagious disease, under favor of Lan. R. L 3505 (R. S. 2138; B. 1536-755), regulating boards of health and prescribing their duties, notwithstanding a provision of the charter of such city that all contracts thereof shall be in writing, and signed and approved by certain officers.

ERROR to Franklin common pleas court.

**O. H. Mosier,** for plaintiff in error, cited:

*Turner* v. *Toledo,* 8 Circ. Dec. 196 (15 R. 627); *Rae* v. *Fling,* 51 Mich. 826 [16 N. W. Rep. 887]; *Cincinnati* v. *Ogden,* 5 Ohio 23; Smith, Mun. Corp. Secs. 728, 1033.

**J. M. Butler** and **D. T. Keating,** for defendant in error.

**DUSTIN, J.**

Plaintiff recovered a judgment before a magistrate for $33 and costs against the city of Columbus, on an account for necessaries furnished a family resident in the city during the time said family was quarantined for smallpox, in January, 1903, pursuant to an alleged oral contract with the board of health of said city. The city appealed the case to the common pleas court where a demurrer was sustained to the petition. Plaintiff not desiring to amend, submitted to a judgment against him for costs, and brought this proceeding to reverse the judgment of the common pleas court, alleging error in sustaining said demurrer.

The demurrer was evidently sustained upon the theory that the contract, to be valid, should be in writing, pursuant to the requirement of Sec. 63 of the Charter Law of the city passed March 7, 1893, and found in 90 O. L. L. 147 (see Lan. R. L. 3131; B. 1536-679), to wit:

"All contracts shall be in writing, signed and executed in the name of the city by the head of the appropriate department and approved by the board of public works, by a yea and nay vote before they are binding upon the city."

But, later, May 7, 1902, the legislature enacted a general law regulating boards of health, and prescribing their duties (95 O. L. 421), of which Lan. R. L. 3491 (R. S. 2128; B. 1536-741) provides in part as follows:

Meily v. Columbus.

"When a house or other place is quarantined on account of contagious diseases, it shall be the duty of the board of health having jurisdiction to provide for all persons confined in such house or place, food, fuel, and all other necessaries of life, including medical attendance, medicine and nurses, when necessary; the expenses so incurred, except those for disinfection, quarantine, or other measures strictly for the protection of the public, when properly certified by the president and clerk of the board of health, * * * shall be paid by the person or persons quarantined, when able to make such payment, and when not by the city," etc.

By Lan. R. L. 3505 (R. S. 2138; B. 1536-755) of the same act, it is made the duty of the city council, in case of threatened epidemic, if funds are not otherwise available, to borrow, money to meet the expenses of the board of health and "upon application and certificate from the board of health, to pass the necessary appropriation ordinances to pay the expenses so incurred and certified."

It is averred that the necessaries were furnished pursuant to contract, that the account has been certified by the president and clerk of the board of health, that the quarantined family are not able to pay and that demand has been made of the city.

This, we think, makes a good petition, as against a general demurrer.

The latter act, so far as there may be any conflict between it and the charter law, governs. It would govern also because it is a special provision as against a general one, and because a contrary construction would defeat the whole purpose of the act.

If dealers were required to wait for a written contract and the passage of an ordinance appropriating the money before furnishing supplies under such circumstances with any assurance of payment, the quarantined family might die of starvation or of cold.

If food and fuel were not forthcoming as needed, the family would be justified in breaking the quarantine in order to solicit or earn a living, thus spreading infection throughout the city.

The very emergencies of the case demand prompt and effective action upon the part of the board of health, without awaiting the slow processes of the law required in other matters.

The judgment of the common pleas court will therefore be reversed and the cause remanded with instructions to overrule the demurrer to the petition.

**Wilson** and **Sullivan, JJ.,** concur.